**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIDGET RAY,

      Plaintiff,

v.                                                 Case No. 07-CV-14942-DT

THE OAKLAND COUNTY CIRCUIT COURT,

      Defendant.

                                                 /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

The instant dispute arises from Plaintiff Bridget Ray's employment with Defendant. Defendant hired Plaintiff on March 25, 1991 as a part-time Clerical Trainee in the Oakland County Probate Court. Plaintiff was promoted numerous times and on June 1, 2002, she was promoted to her current Probate Specialist position. In December 2006, a Court Clerk Coordinator position was advertised, and Plaintiff was one of sixteen applicants. Jennifer Clark, the supervisor for the new Court Clerk Coordinator position, reviewed the applications and selected five applicants to interview. Plaintiff was not selected.

Thereafter, the position was re-posted, and a notice was sent out, requiring all interested persons to submit applications in response to this new posting. Plaintiff did not re-submit an application to this second posting. Clark received a list from human resources that contained the names of all eligible persons who responded to the second posting. Because Laura Hutson, Clark's first choice from the first round of interviews, was on this list, Clark elected not to interview any more candidates and recommended

Hutson for the position. Her recommendation was accepted, and Hutson was appointed to the position effective March 3, 2007.

On November 19, 2007, Plaintiff filed a complaint against Defendant, alleging race discrimination. Pending before the court is Defendant Oakland County Circuit Court's July 2, 2008 motion for summary judgment. Having reviewed the briefing in this matter, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

## I. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant*

*v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## II. DISCUSSION

As an initial matter, the court recognizes that its analyses in determining the merit of Plaintiff's claims under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") and Title VII are the same. The Sixth Circuit "uses the same standards in analyzing racial discrimination claims brought under Title VII as it does in analyzing such claims brought

3

under ELCRA." *Lowrey v. Xerox Corp.*, No. 99-1330, 2000 WL 1140522, *3 n.2 (6th Cir. 2000) (citing *Perry v. McGinnis,* 209 F.3d 597, 602 n.3 (6th Cir. 2000)); *see also Radtke v. Everett*, 501 N.W.2d 155, 162 (Mich. 1993); *Hazle v. Ford Motor Co.*, 628 N.W.2d 515, 520 (Mich. 2001). Title VII makes it unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 20003-2(a)(1). Likewise, the ELRCA states:

> "The opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, familial status, or marital status as prohibited by this act, is recognized and declared to be a civil right."

Mich. Comp. Laws § 37.2102. The ELRCA describes the prohibited employment actions as follows: "An employer shall not . . . [f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status." *Id.* at § 37.2202.

Plaintiff's claim that she was not promoted because of her race is a disparate treatment claim. In determining whether a material issue of fact exists regarding a claim of disparate treatment the court must determine whether Plaintiffs have offered direct evidence of discrimination or circumstantial evidence that would allow an inference of discriminatory treatment. *Anthony v. BTR Automotive Sealing Sys.*, 339 F.3d 506, 514 (6th Cir. 2003) (citing *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc)).

4

Plaintiff does not claim that there is any direct evidence of discrimination in this case. Therefore, the court must turn to whether Plaintiff can establish a material issue of fact with circumstantial evidence. The court must examine Plaintiffs' claim under the burden-shifting analytical framework established by the Supreme Court. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981). Under this framework, the plaintiff has the initial burden of presenting a prima facie case of discrimination. The establishment of a prima facie case creates a rebuttable presumption of discrimination and creates a burden of production for the defendant to articulate a legitimate non-discriminatory reason for taking the challenged action. Defendant's burden after a prima facie case is presented is only one of production, not persuasion; the ultimate burden of persuasion remains with the plaintiff. *Anthony v. BTR Automotive Sealing Sys., Inc.,* 339 F.3d 506, 515 (6th Cir. 2003). If a defendant offers a legitimate non-discriminatory reason, the plaintiff bears the burden to prove that such reason is a pretext for discrimination.

The Sixth Circuit has repeatedly articulated the *McDonnell Douglas* prima facie case factors for a plaintiff's failure to promote claim. In order to establish a prima facie case for failure to promote, Plaintiff must prove that (1) she is a member of a protected class; (2) she applied for, and did not receive the position, (3) she was qualified for the position, and (4) that a similarly-situated person who was not in the her protected class received the job. *See id.; Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996).

Plaintiff cannot make a prima facie case for failure to promote because she has failed to satisfy the fourth prong of the test: that Hutson was similarly situated to her. "In

5

order for two or more employees to be considered similarly-situated for the purpose of creating an inference of disparate treatment in a Title VII case, the plaintiff must prove that all of the relevant aspects of his employment situation are 'nearly identical' to those of the [other] employees who he alleges were treated more favorably." *Pierce v. Commonwealth Life Ins., Co.*, 40 F.3d 796, 802 (6th Cir. 1994). The similarity between the compared individuals must exist in all relevant aspects of their respective circumstances. *Id.*

Hutson was not within Plaintiff's protected class and was awarded the position, but had been employed as a Judicial Court Clerk for over seven years. Clark identified prior Court Clerk experience as being one of her top criteria for a successful candidate. Plaintiff, on the other hand, had never been employed either as a Judicial Court Clerk or in the Circuit Court Case Management Office. Instead, Plaintiff's experience was within the Probate Court. In Plaintiff's various capacities in the Probate Court, Plaintiff was neither assigned to a judge nor did she have direct experience managing a judge's docket. Although Plaintiff argues that she had been employed in the court system for a longer period of time and that she was more educated than Hutson, those facts cannot create a substantial issue of material fact as to this prong because those qualifications are not equivalent to Court Clerk experience. Therefore, Hutson and Plaintiff are not similarly situated in all relevant respects and Plaintiff cannot make out a prima facie case of disparate treatment regarding her failure to promote claim. Plaintiff, perhaps in

recognition of the unquestionable nature of this point, neither attempts to argue the matter in her brief nor even mentions the phrase "similarly situated."[1]

Moreover, even if Plaintiff could make out a prima facie case, Plaintiff has pointed to no facts on record suggesting that Clark or any other decision-maker knew of Plaintiff's race when they decided not to interview her or select her for the position.[2] Therefore, there can be no inference of discrimination regarding Defendant's decision not to promote Plaintiff to the Clerk Court Coordinator position.

### III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Summary Judgment" [Dkt. # 14] is GRANTED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 28, 2008, by electronic and/or ordinary mail.

  s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] Because the court finds that Plaintiff has failed to satisfy the fourth prong of the prima facie test, the court need not decide whether she could satisfy the other three prongs of the prima facie test.

[2] Plaintiff, again, does not press the issue beyond arguing mere possibilities, *i.e.,* that because "Plaintiff was the most senior of the African Americans employed in a Probate Court Clerical position . . . it is highly unlikely that Ms. Clark, who had been employed by Defendant for 15 years, did not know Plaintiff's race."  (Pl.'s Resp. at 8.)