**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIDGET RAY,

    Plaintiff,

v.                                                     Case No. 07-CV-14942

THE OAKLAND COUNTY CIRCUIT COURT,

    Defendant.

                                         /

**OPINION AND ORDER DENYING
PLAINTIFF'S "MOTION FOR RECONSIDERATION"**

Pending before the court is Plaintiff Bridget Ray's "Motion for Reconsideration," filed September 12, 2008. Plaintiff requests reconsideration of the court's August 28, 2008 "Opinion and Order Granting 'Defendant's Motion for Summary Judgment.'" For the reasons set forth below, Plaintiff's motion will be denied.

**I. STANDARD**

Though Plaintiff's motion does not specify a legal standard, motions for reconsideration are properly heard under Federal Rule of Civil Procedure 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

In her motion for reconsideration, Plaintiff contends the court was "so clearly wrong" (Pl.'s Mot at 2) because she established a similarly situated employee, not in Plaintiff's protected class, who received the job at issue.[1] (Pl.'s Mot. at 2.) Plaintiff argues the similarity grows from her experience in managing a court docket, which she claims is equal to the employee's experience who was actually hired for the job. (*Id.* at 2-3.) The court notes that all of Plaintiff's evidence presented here was already considered in granting Defendant's motion for summary judgment. Merely presenting "the same issues already ruled upon by the court, either expressly or by reasonable

---

[1] The court's granting of Defendant's motion for summary judgment was primarily focused on this aspect of the prima facie discrimination case, which Plaintiff could not establish. (8/28/08 Order at 5.)

2

implication" is not sufficient grounds for granting a motion for reconsideration.  *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952.  Further, the court notes that Plaintiff's docket experience is quite different than the kind sought by Defendant in making the hiring decision.  Defendant was seeking a candidate with docket experience that included an understanding of the criminal docket.  (Def.'s 7/2/08 Mot., Ex. 10 at 19-20.)  This is also clear from the department posting the position for applicants, listed as "Circuit Court / Civil / Criminal Division."  *Id.*, Ex. 2.)  Defendant selected a candidate who had this kind of experience.  In contrast, any of Plaintiff's docket management experience came from her work in the probate court.  (Pl.'s Mot. at 2-3.)  The court found no issue of material fact as to what kind of experience Defendant was seeking, and Plaintiff does not now demonstrate a palpable defect by which the court was misled in reaching that finding.  E.D. Mich. LR 7.1(g)(3).

Plaintiff further argues that the docket experience aspect is only "secondary to the dispositive claim . . . that [the hired employee] was not qualified for the Court Clerk position."  (Pl.'s Mot. at 4.)  Plaintiff claims that because the hired employee did not have a college degree when hired, she did not meet the requirement for the position.  Again, though, Plaintiff previously presented this same issue, which was "ruled upon by the court . . . by reasonable implication."  *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952.  Further, Plaintiff did not contest that "[i]t has been the practice of the Oakland County Department of Human Resources to accept, in lieu of the stated education requirement of an Associate's degree . . . completion of at least sixty college

semester credit hours." (Def.'s 7/2/08 Mot., Ex. 14 at 2.)  It is further uncontested that the practice was applied to the hired employee.  (*Id.* at 3.)  Plaintiff's current motion does not show how the court was misled in ruling on this uncontested issue.

Lastly, Plaintiff's current motion does not argue the court should reconsider that Defendant was unaware "of Plaintiff's race when they decided not to interview her or select her for the position."  (8/28/08 Order at 7.)  As the court previously ruled, "there can be no inference of discrimination" when Plaintiff has raised no more than speculation as to whether the decision-maker knew her race.  *Johnson v. Northwest Airlines*, 839 F. Supp. 1253, 1259 (E.D. Mich. 1993) (citing *Robinson v. Adams*, 847 F.3d 1315, 1316 (9th Cir. 1987)); (8/28/08 Order at 7).

## III.  CONCLUSION

IT IS ORDERED that "Plaintiff's Motion for Reconsideration" [Dkt. # 22] is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  October 9, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522